**Major SINGH, aka, Harinderjit Singh Nijjar, Petitioner,**

v.

**IMMIGRATION NATURALIZATION AND SERVICE, Respondent.**

No. 01–70054.
INS No. A72–765–674.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 7, 2002.

Before FISHER, and PAEZ, Circuit Judges, and WHELAN, District Judge.*

MEMORANDUM **

Harinderjit Singh Nijjar, a Punjabi Sikh, appeals the decision of the Board of Immigration Appeals ("BIA") denying him eligibility for asylum and withholding of deportation. The BIA denied Nijjar's application because his account was not credible and, even if events had transpired as he claimed, he would be unable to show that he was persecuted "on account of" a protected ground. We reverse.

The BIA " 'must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief, and any such reasons must be substantial and

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

bear a legitimate nexus to the finding.'" *Singh v. INS*, 292 F.3d 1017, 1020 (9th Cir.2002). Nijjar's account was detailed, internally consistent and consistent with the story he told upon entering the country. The BIA's adverse credibility finding is not supported by substantial evidence. Nijjar's account was not contradicted by any aspect of the State Department Bureau of Democracy, Human Rights and Labor report. Nor did Nijjar's passport undermine his credibility—the Immigration Judge ("IJ") did not ultimately dispute Nijjar's identity and so any questions about why Nijjar provided a photocopy rather than an original and why Nijjar's occupation was listed as "student" do not bear on the heart of his asylum claim. Finally, even assuming that Nijjar's testimony that he did not seek medical attention casts some doubt on his testimony that he was beaten, this finding alone cannot support a finding that Nijjar's testimony is generally not credible.[1] Accordingly, the BIA erred in discrediting Nijjar and requiring him to corroborate his version of events.

The BIA also erred in concluding that Nijjar was not persecuted within the meaning of 8 U.S.C. § 1158. Nijjar's credible testimony establishes that he was detained and beaten by the Indian police. Contrary to the INS' assertion, this conduct constitutes "persecution." *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995). Further, the evidence compels the conclusion that Nijjar was persecuted, *"at least in part,* on account of" his imputed political opinion. *Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (emphasis added); *see also Ratnam v. INS*, 154 F.3d 990 (9th Cir.1998); *Singh v. Ilchert*, 63 F.3d 1501 (9th Cir.1995). Because Nijjar has demon-

strated past persecution, we presume that he is eligible for both asylum and withholding of deportation. *See Salazar–Paucar v. INS*, 281 F.3d 1069, 1074, amended by 290 F.3d 964 (9th Cir.2002); *Bandari v. INS*, 227 F.3d 1160, 1169 (9th Cir.2000).

Moreover, nothing in this record will permit the INS to rebut that presumption, and the INS does not present any authority that it would be entitled to supplement the record on remand. Accordingly, we reverse and remand for the Attorney General to decide whether he will grant asylum and withholding of deportation.

REVERSED and REMANDED.

---

[1]. The BIA did not rely on the IJ's finding that Nijjar was nervous. If it had done so, we would still reverse, because nervousness alone does not call into doubt the veracity of a young man who is testifying before a foreign government official in order to avoid being returned to the country where he suffered persecution.